FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ APR 18 2011

BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **THELMA ROWE** ) | |
| ) | |
| **Plaintiff** ) | Case Number: |
| ) | **CV 11 - 1939** |
| **vs.** ) | CIVIL COMPLAINT |
| ) | KORMAN, J. |
| ) | |
| **FULTON, FRIEDMAN & GULLACE,** ) | |
| **LLP** ) | **JURY TRIAL DEMANDED** POHORELSKY, M.J. |
| ) | |
| **Defendant** ) | |
| ) | |

### COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Thelma Rowe, by and through her undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.     Plaintiff, Thelma Rowe, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, violations of New York General Business Law §349, violations of the New York General Business Law §601 and violations of the New York City Consumer Protection Law § 5-77, all of which prohibit deceptive acts and practices in the collection of debt.

## II.  JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.      Venue in this District is proper in that Plaintiff resides in this District and the Defendant maintains an address in this District.

## III.  PARTIES

4.      Plaintiff, Thelma Rowe, is an adult natural person residing at 310 E. 102nd Street, Apartment 8K, New York, New York 10029.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, Fulton, Friedman & Gullace, LLP ("Defendant"), at all times relevant hereto, is a limited liability partnership engaged in the business of collecting debt within the state of New York with a primary address located at 28 E. Main Street, New York, New York 14614-1928.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

7.      In or about the end of February, 2011, Plaintiff started to receive calls from the Defendant in regards to a debt allegedly owed on a Dell account.

8.      Plaintiff was informed that she owed Defendant approximately $2,548.00.

9.      During this first call, Plaintiff informed the Defendant that she had retained the services of a personal attorney to aid in her debt settlement and that the Defendant would need to call and speak with them directly in this matter.

10.    Defendant stated that they would not call the Plaintiff's attorney and that she needed to deal with the Defendant personally and just pay the debt.

11.    Defendant continued to call the Plaintiff.

12.    Plaintiff asked Defendant to call her attorney every time they called.

13.    On or about February 24, 2011, Plaintiff's legal counsel sent a cease and desist letter to the Defendant. **See "EXHIBIT A" (letter) attached hereto**.

14.    Defendant continued to call the Plaintiff.

15.    Plaintiff threatened to report the Defendant to the Better Business Bureau (BBB).

16.    Defendant replied to the Plaintiff that it wouldn't matter if the Plaintiff reported the Defendant because they were still going to make the Plaintiff pay.

17.    Defendant hung-up on the Plaintiff.

18.    Plaintiff continued to receive calls on a daily basis from the Defendant.

19.    On or about March 16, 2011, Plaintiff received another call from the Defendant demanding payment on the above referenced debt.

20.    As of the filing of this complaint, Plaintiff continued to receive calls from the Defendant despite Defendant's knowledge that the Plaintiff is represented by an attorney.

21.    The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

22.    At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

23.    At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

24.    As a result of Defendant conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT I – FDCPA

25.    The above paragraphs are hereby incorporated herein by reference.

26.    At all times relevant hereto, Defendant,  was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

27.    The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(c): | After written notification that the consumer refused to pay the debt, or that the consumer is represented by an attorney |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |

§§ 1692e:               Any other false, deceptive, or misleading representation or means in connection with the debt collection

§§ 1692e(10):       Any false representation or deceptive means to collect a debt or obtain information about a consumer

§§ 1692f:               Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Fulton, Friedman & Gullace, LLP, for the following:

a.      Actual damages;

b.      Statutory damages pursuant to 15 U.S.C. § 1692k;

c.      Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.      Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### Violations of New York General Business Law §349

28.      Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

29.      Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

30.      GBL §349 provides in relevant part as follows:

(a)      Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful

(g)     This section shall apply to all deceptive acts or practices declared
to be unlawful, whether or not subject to any other law of this
state, and shall not supersede, amend or repeal any other law of
this state under which the attorney general is authorized to take any
action or conduct any inquiry

(h)     In addition to the right of action granted to the attorney general
pursuant to this section, any person who has been injured by reason
of any violation of this section may bring an action in his own
name to enjoin such unlawful act or practice, an action to recover
her actual damages or fifty dollars whichever is greater, or both
such actions.  The court may, in discretion, increase the award of
damages to an amount not to exceed three times the actual
damages up to one thousand dollars, if the court finds the
Defendant willfully or knowingly violated this section.  The court
may award reasonable attorney's fees to a prevailing Plaintiff.

31.     As a direct and proximate result of Defendant's deceptive acts and practices,
committed in violation of GBL §349, Plaintiff was damaged in that she, among other things,
suffered stress and anxiety as a result of the practices and actions of the Defendant.

**WHEREFORE,** Plaintiff prays this Honorable Court enter judgment in their favor and
against Defendant, and Order the following relief:

a.      Actual damages;

b.      Statutory damages pursuant to 15 U.S.C. § 1692k;

c.      Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.      Such additional and further relief as may be appropriate or that the

interests of justice require.

## COUNT III

### Violations of New York General Business Law §601

32.      Plaintiff hereby restates realleges and incorporates herein by reference all

foregoing paragraphs as if set forth fully in this count.

33.      Under New York General Business Law §601, deceptive acts or practices in the

conduct of any business conducted in the State of New York are unlawful.

34.      GBL §601 provides in relevant part as follows:

(a)      Communicate with the debtor or any member of his family or household

with such frequency or at such unusual hours or in such a manner as can

reasonably be expected to abuse or harass the debtor

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and

against Defendant, and Order the following relief:

a.      Actual damages;

b.      Statutory damages pursuant to 15 U.S.C. § 1692k;

c.      Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.      Such additional and further relief as may be appropriate or that the

interests of justice require.

## COUNT IV

### Violations of the New York City Consumer Protection Law

### §5-77 Debt Collection Practices

35.     Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

36.     This rule supplements the Federal Fair Debt Collection Practices Act. It is applicable to "in-house" collectors, in addition to collection agencies and individual collectors in the collection of consumer debts.

37.     Under New York City Consumer Protection Law, deceptive acts or practices in the conduct of any business conducted in the State of New York §5-77 are unlawful.

(a)     The collector may not call the consumer between 9pm and 8 am nor may the collector call with "excessive frequency" (more than twice a week).

(b)     The consumer has the right to tell a collector to stop calling him/her, and then the collector will only be able to send one further communication indicating that action will be taken.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a.      Actual damages;

b.      Statutory damages pursuant to 15 U.S.C. § 1692k;

c.      Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.      Such additional and further relief as may be appropriate or that the interests of justice require.

## V. <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

Date:  April 4, 2011

**BY:** _____
Bruce K. Warren, Esquire

Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA 19046
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff